THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
Case No. _____

| | |
|---|---|
| Ross Runyan,<br><br>               Plaintiff,<br><br>– against–<br><br><br>Members Heritage Credit Union<br><br>and<br><br>TransUnion, LLC,<br><br>               Defendant(s). | Judge:<br><br>Magistrate Judge:<br><br>**COMPLAINT AND JURY DEMAND** |

## COMPLAINT

Plaintiff, Ross Runyan (hereinafter "Plaintiff"), by and through his attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC., by way of Complaint against Defendants, Members Heritage Credit Union ("Members Heritage CU"), and TransUnion, LLC ("TransUnion"), alleges as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies ("CRAs").

1

## PARTIES

2. Plaintiff, Ross Runyan is an adult citizen of Kentucky, presently residing in Lexington, Kentucky.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant Members Heritage CU does business throughout the country and in the Commonwealth of Kentucky. Defendant Members Heritage CU is a "furnisher" of consumer credit information as that term is used in Section 1681s-2 of the FCRA.

5. Defendant TransUnion is a limited liability company, doing business throughout the country and in the Commonwealth of Kentucky. TransUnion is a "consumer reporting agency" as defined in Section 1681a(f) of the FCRA. Trans Union is one of the largest CRAs in the world.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Fayette County, Kentucky.

## FACTUAL ALLEGATIONS

8. Defendant Members Heritage CU issued an account ending in xxx63331500 to Plaintiff. The account was routinely reported on Plaintiff's consumer credit report.

9. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

10. On or about April 15, 2020, Plaintiff and CU Recovery, on behalf of Members Heritage CU, entered into a settlement agreement for the above referenced account. A redacted copy of the settlement agreement is attached hereto as Exhibit A.

11. Pursuant to the terms of the settlement, Plaintiff was required to make four (4) monthly payments totaling $1,350.00 to settle and close his Members Heritage CU account.

12. Plaintiff, via his debt settlement representative, timely made the requisite settlement payments. Redacted proofs of these payments are attached hereto as Exhibit B.

13. However, nearly half a year later, Plaintiff's Members Heritage CU account continued to be negatively reported.

14. In particular, on a requested credit report dated January 12, 2021, Plaintiff's Members Heritage CU account was reported with a status of "CHARGE OFF," a balance of $307.00, and a past due balance of $307.00. The relevant portion of Plaintiff's credit report is attached hereto as <u>Exhibit C</u>.

15. This trade line was inaccurately reported. As evidenced by the settlement agreement and proofs of payments, the account was settled for less than full balance and must be reported as settled with a balance of $0.00.

16. On or about February 18, 2021, Plaintiff, via his attorney at the time, notified Defendants of a dispute with completeness and/or accuracy of the reporting of Plaintiff's Members Heritage CU account. A redacted copy of this letter is attached hereto as <u>Exhibit D</u>.

17. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Members Heritage CU to Defendants via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

18. In April of 2021, Plaintiff requested updated credit reports for review. The tradeline for Plaintiff's Members Heritage CU account remained inaccurate, with a balance of $307.00 and a past due balance of $307.00 as Defendants failed to correct the inaccuracy. The relevant portion of the April 2021 credit report is attached hereto as <u>Exhibit E</u>.

19. TransUnion did not notify Members Heritage CU of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify Members Heritage CU and Members Heritage CU failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.

4

20. If Members Heritage CU had performed a reasonable investigation of Plaintiff's dispute, Plaintiff's Members Heritage CU account would have been updated to reflect a "settled" status with a balance of $0.00.

21. Despite the fact that Members Heritage CU has promised through its subscriber agreements or contracts to accurately update accounts, Members Heritage CU has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

22. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA.  These violations occurred before, during, and after the dispute process began with TransUnion.

23. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

24. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

**CLAIM FOR RELIEF**

5

25. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

26. TransUnion is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

27. Members Heritage CU is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

28. Members Heritage CU is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

29. Plaintiff notified Defendants of a dispute on the account's completeness and/or accuracy, as reported.

30. Members Heritage CU failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

31. Members Heritage CU failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

32. TransUnion failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

6

33. TransUnion failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

34. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

35. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

8

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

**LAW OFFICES OF ROBERT S. GITMEID & ASSOCIATES, PLLC**

/s/ Sheilah Galvez Kurtz
Sheilah Galvez Kurtz, Esq.
KBA No. 92677

Mailing Address for Service
1009 Twilight Trail, Suite 108
Frankfort, KY 40601
Tel: (502) 352-2401
Fax: (502) 352-2401
Email: skurtz@iglou.com

Main Office
11 Broadway, Suite 960
New York, NY 10004
Local Tel: (212) 226-5081
Toll Free: (866) 249-1137
Fax: (212) 208-2591